**Beverly Kay JOHNS,**
**Plaintiff-Appellant,**

v.

**PETTIBONE CORPORATION, et al., Defendants,**

**Frank Van Meter, et al., Defendants-Appellees.**

No. 84–7361.

United States Court of Appeals, Eleventh Circuit.

March 25, 1985.

M. Clay Alspaugh, Birmingham, Ala., for plaintiff-appellant.

Herbert S. Sanger, Jr., Gen. Counsel, James E. Fox, Associate Gen. Counsel, Thomas C. Doolan, Edwin W. Small, Tennessee Valley Authority, Knoxville, Tenn., for Van Meter.

Before RONEY and HILL, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

This is an appeal from the grant of summary judgment to the defendant employees of the Tennessee Valley Authority in a suit by Beverly Kay Johns and her minor children for the wrongful death of her husband, Gary Johns. Johns, an iron worker employed by an independent contractor, Combustion Engineering, Inc. ("CE") was electrocuted at the TVA Widows Creek Steam Plant when the boom of a crane leased to CE came into contact or near contact with an electric power transmission line at the plant. CE had contracted with TVA to design, fabricate, and erect a gas desulphurization system at the plant.

The district court entered summary judgment as to these defendants on the basis that their duty to the plaintiff could be no greater than TVA's, that as a landowner TVA had no duty to warn invitees of open and obvious dangers such as overhead transmission lines, and that the contract between TVA and CE imposed no responsibility on TVA for the safety of CE's employees. The plaintiffs' claims against the owner/operator of the crane and the manufacturer of the crane were not dismissed by the district court and are not before this Court at this time.[1] A separate suit against TVA itself was dismissed because an action for wrongful death, being punitive in nature under Alabama law, will not lie against TVA. The plaintiffs did not appeal that decision.

Before the district court, the appellees also defended on the ground that they held immunity as federal employees from a tort action of this nature. Although fully briefed there, the trial court made no mention of this ground in its order of dismissal.

■ We conclude that it is unnecessary for us to consider the correctness of the trial court's decision as to the obligation of

---

1. The trial court entered judgment pursuant to Rule 54(b) Fed.R.Civ.P., thus permitting an in- terlocutory appeal.

these employees under Alabama negligence law, although appellants make a cogent argument on the subject of openness and obviousness of the dangers in light of the Alabama Supreme Court decision in *Bush v. Alabama Power Co.*, 457 So.2d 350 (Ala. 1984), which was decided by the Alabama Supreme Court after the decision by the trial court. Because of the disposition we make of the case, we consider it necessary to discuss only the question of immunity of the defendants. Two opinions of the Court of Appeals for the Fifth Circuit, *Evans v. Wright*, 582 F.2d 20 (5th Cir.1978)[2] and *Claus v. Gyorkey*, 674 F.2d 427 (5th Cir. 1982) make clear that "absent an allegation of a tort of constitutional magnitude, federal officials are entitled to absolute immunity for ordinary torts committed within the scope of their jobs." Recognizing the restrictive holding of *Butts v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), as applicable only to actions amounting to constitutional violations, the *Claus* Court adopted the statement of the district court in that case as follows: "It is only necessary that the action of the federal official bear some reasonable relation to and connection with his duties and responsibilities to be within the scope of his authority [to be entitled to the immunity]," 674 F.2d at 431, quoting *Scherer v. Brennan*, 379 F.2d 609, 611 (7th Cir.1967), *cert. denied*, 389 U.S. 1021, 88 S.Ct. 592, 19 L.Ed.2d 666 (1967).

■ In the case before us there is no question but that the activities of the defendants *were* wholly within the scope of their authority in that each was carrying out the normal functions of his job.

The grant of immunity from liability for ordinary torts has been recognized by the Supreme Court in *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959) to result from a closely balanced test which the Court found necessary to permit federal employees to perform their duties without the fear of unjustified court actions.

To be sure, as with any rule of law which attempts to reconcile fundamentally antagonistic social policies, there may be occasional instances of actual injustice which will go unredressed, but we think that price a necessary one to pay for the greater good.

360 U.S. at 576, 79 S.Ct. at 1342.

Being bound, as we are, by the *Evans* case, we conclude that the trial court's order of dismissal of the complaint was correct.

The judgment is AFFIRMED.

---

**2.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), the court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.