William T. ERWIN, Sr., and Emely Erwin, Plaintiffs-Appellants,

v.

Rodney P. WESTFALL; Osborn Rutledge; William Bell; et al., Defendants-Appellees.

No. 85–7437.

United States Court of Appeals, Eleventh Circuit.

April 8, 1986.

Rehearing and Rehearing En Banc Denied June 2, 1986.

J. Michael Campbell, Pelham, Ala., for plaintiffs-appellants.

Frank W. Donaldson, U.S. Atty., Frank S. James, III, Asst. U.S. Atty., J. Noah Funderburg, Spec. Asst. U.S. Atty., Birmingham, Ala., for defendants-appellees.

Before JOHNSON and HATCHETT, Circuit Judges, and MURPHY[*], District Judge.

PER CURIAM:

This case presents an appeal from the district court's grant of summary judgment on immunity grounds to defendants in a tort suit by a federal employee against co-employees and supervisors. Since summary judgment was granted on the basis of law that has recently changed in this Circuit, we REVERSE and REMAND for reconsideration.

Plaintiff-appellant William T. Erwin, Sr., a warehouseman at the Anniston Army Depot in Anniston, Alabama, was injured on February 9, 1984, by workplace exposure to toxic soda ash. Some of the ash, which was stored in appellant's warehouse, had spilled from its containers. Erwin inhaled a quantity of the ash, allegedly suffering chemical burns to his eyes and throat, permanent injury to his vocal cords, and emotional and mental distress. His co-plaintiff and wife, Emely Erwin, suffered a loss of his consortium.

Charging that his injuries were proximately caused by the negligence of certain co-employees and supervisors, Erwin brought suit in Jefferson County Circuit Court on February 7, 1985. The action was removed to the United States District Court for the Northern District of Alabama on March 25, 1985. That court granted summary judgment to defendants-appellees on June 5, 1985, on the ground that the latter were immune from suit as a matter of law since they were federal employees acting within the scope of their duties when the complained-of negligence occurred.

The district court based its ruling on *Johns v. Pettibone Corp.*, 755 F.2d 1484 (11th Cir.1985) (per curiam). *Pettibone* held that " 'absent an allegation of a tort of constitutional magnitude, federal officials are entitled to absolute immunity for ordinary torts committed within the scope of their jobs.' " *Id.* at 1486 (citations omitted).

■ Conclusions of law rendered by means of a summary judgment are subject to the same standard of appellate review as any other question of law raised on appeal. *Morrison v. Washington County, Ala.*, 700 F.2d 678, 682 (11th Cir.1983). At the time summary judgment was granted, the district court was correct in ruling as it did under *Pettibone*. However, the opinion relied on by the district court was subsequently withdrawn. A revised opinion appeared at *Johns v. Pettibone*, 769 F.2d 724 (11th Cir.1985) (*Pettibone II*). And portions of that opinion in turn were recently deleted on rehearing in *Johns v. Pettibone*, No. 84–7361, slip. op. (11th Cir. Nov. 12, 1985) (per curiam) (*Pettibone III*). By the latter order, this Court also denied a petition for rehearing *en banc*.

■ *Pettibone III* establishes the rule that "a government employee enjoys immunity only if the challenged conduct is a discretionary act *and* is within the outer perimeter of the actor's line of duty." *Pettibone III*, slip op. at 527 [769 F.2d at 728]. Thus, in granting summary judgment the district court erred as a matter of law in applying only one part of the immunity test—whether the act was in the scope of the employees' duties—without determining whether the challenged conduct was or was not discretionary.

Appellants' efforts to persuade us to abandon the *Pettibone III* rule are unavailing. It is the law of this Circuit. Plaintiffs

---

[*] Honorable Harold L. Murphy, U.S. District Judge for the Northern District of Georgia, sitting by designation.

have alleged undisputed facts sufficient to create a material question of whether or not defendants' complained-of acts were discretionary. Summary judgment was thus inappropriate.

Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion.