### Kenneth W. MARTIN

v.

### John P. MALHOYT, et al., Appellants John Doe(s), et al.

### Shirley Ann STEVENS

v.

### David H. STOVER, et al., Appellants John Doe, et al.

### Nos. 86–5561, 86–5565.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 4, 1987.

---

Joseph E. diGenova, U.S. Atty., Royce C. Lamberth, R. Craig Lawrence and Michael L. Martinez, Asst. U.S. Attys. were on the petition for rehearing.

Before RUTH BADER GINSBURG and WILLIAMS, Circuit Judges, MCGOWAN, Senior Circuit Judge.

## ON PETITION FOR REHEARING

### ORDER

PER CURIAM.

Upon consideration of appellants' petition for rehearing, it is

ORDERED, by the Court, that the petition is denied.

Statement filed by Circuit Judge RUTH BADER GINSBURG, in which Circuit Judge WILLIAMS and Senior Circuit Judge McGOWAN join.

RUTH B. GINSBURG, Circuit Judge, with whom Circuit Judge WILLIAMS, and Senior Circuit Judge McGOWAN, join:

The petition for rehearing invites the panel, or the court en banc, to extend the absolute immunity rule of *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), to all lower-ranking federal officers of limited discretion, particularly to all federal law enforcement officers "on the beat." Whether *Barr* reaches all federal employees acting within the scope of their employment, or at least those exercising a modicum of discretion, is an issue currently pending before the Supreme Court. *Westfall v. Erwin* (No. 86–714) (argued Nov. 2, 1987). The panel opinion in the case at hand stressed the need for "guidance from Higher Authority," and noted the pendency

of *Westfall v. Erwin.* *See Martin v. Malhoyt,* 830 F.2d 237, 247, 268 (D.C.Cir.1987).[1]

Should the Supreme Court extend *Barr's* shelter to all federal employees with respect to all common law torts, it is entirely clear that the district court would be bound to dismiss the common law claims against U.S. Park Police officers Malhoyt and Stover. Furthermore, it is at least implicit in the majority opinion that the common law claims against the two officers could not survive should the Supreme Court hold *Barr* applicable to all lower-ranking federal officers in fact entrusted with some, albeit modest, discretion. On the other hand, the common law claims would remain viable should the Supreme Court limit *Barr* "to employees at the policymaking or planning level, as distinguished from employees at the operational level who function day to day under established procedures and guidelines." *See Martin v. Malhoyt,* at 248.

In view of the "hardly clear" current state of Supreme Court precedent in this area, *see id.* at 269, and the prospect of guidance forthcoming soon, (1) we anticipate that the district court will await the Supreme Court's decision in *Westfall v. Erwin* before adjudicating the common law claims remaining in this case, and (2) we find further airing of the matter in this court unwarranted at this time. Accordingly, the petition for rehearing is

*Denied.*

---

1. Contrary to the distorted portrait of this circuit's precedent in the rehearing petition, no prior decision of this court *holds* that *Barr*-style immunity covers the "officer on the beat." In *Martin v. D.C. Metropolitan Police Dep't,* 812 F.2d 1425, 1428 n. 11 (D.C.Cir.1987), we noted that we did not confront the question because, without regard to *Barr,* absolute immunity is the prevailing common law rule where malicious prosecution is alleged.