**Don R. BAKER, Plaintiff,**

v.

**Captain SMITH, et al., Defendants.**

No. 88–3399–R.

United States District Court,
D. Kansas.

Aug. 20, 1991.

Don R. Baker, pro se.

Jackie A. Rapstine, U.S. Attorney's Office, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is before the court on defendants' motion to dismiss. Plaintiff, an inmate in federal custody, initially filed this pro se complaint in the Middle District of Pennsylvania in 1988. The action was transferred to the District of Kansas pursuant to 28 U.S.C. § 1406(a) in October 1988.

Having reviewed the record, the court makes the following findings and order.

*Factual Background*

During all times relevant to the factual background of this action, plaintiff was housed at the United States Penitentiary, Leavenworth, Kansas.

On December 20, 1986, plaintiff was placed in segregated housing pending the investigation of a disciplinary report against him. This report was written by Officer Duy, a defendant named in this action.

Following plaintiff's placement in segregation, Duy began to pack the property in plaintiff's cell in accordance with normal procedures. Duy was assisted in this by Officer Nichols, also a defendant to this action. The officers completed this task with the assistance of plaintiff's cellmate.

Plaintiff's property inventory was completed and entered on the Inmate Personal Property Record, Form 40. (Defendants' Attachment E).

Plaintiff requested several items from his property on December 26, 1986, and verified at that time that all his property was in the inventory. He was issued some of the property on that day consistent with limitations on property allowed inmates in segregation.

On February 9, 1987, plaintiff was placed in segregation pending the investigation of a second incident report. Due to his transfer to segregation, plaintiff's property was again packed, and an inventory was prepared. Plaintiff reviewed the property and signed the Form 40 on the following day, verifying its accuracy. Plaintiff again confirmed the accuracy of the inventory upon his release from segregation on March 24, 1987.

In June 1987, plaintiff filed an administrative tort claim alleging missing property. The claim was denied on July 14, 1987. Plaintiff commenced the instant action in March 1988.

## DISCUSSION

*Federal Tort Claim*

To the extent plaintiff proceeds under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, his claim is barred by the statute of limitations. The applicable limitations period is set forth at 28 U.S.C. § 2401(b) and provides as follows:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Here, plaintiff's administrative claim was denied on July 14, 1987. Plaintiff did not commence the present action until March 22, 1988, a delay in excess of the six month statutory period. Therefore, plaintiff's

claim under the Federal Tort Claims Act is barred.

*Bivens Action*

■ To the extent plaintiff's complaint is construed as an action for damages under *Bivens*,[1] the court concludes this action must be dismissed. A complaint that contains only conclusory allegations of a deprivation of a constitutional right and thus fails to supply a sufficient factual basis to allow defendants to intelligently prepare a defense fails to state a cause of action and must be dismissed. *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977). *See also Blinder, Robinson & Co. v. United States S.E.C.,* 748 F.2d 1415, 1419 (10th Cir.1984), *cert. denied,* 471 U.S. 1125, 105 S.Ct. 2655, 86 L.Ed.2d 272 (1985) (plaintiff must do more than state a conclusion or engage in "artful pleading" to state a constitutional claim). Rather, a plaintiff bringing a cause of action against public officials must set forth facts with specificity and may not overcome a pretrial motion based on immunity with a pleading containing only conclusory allegations of constitutional deprivation. *Martin v. Malhoyt,* 830 F.2d 237 (D.C.Cir.), *reh'g denied,* 833 F.2d 1049 (1987).

■ Here, the allegations made by plaintiff fail to support his claim of a conspiracy to deprive him of personal property. A civil conspiracy has been defined as:

[A] combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties "to inflict a wrong against or injury upon another; and an overt act that results in damage." *Singer v. Wadman,* 595 F.Supp. 188, 270 (D.Utah 1982) (citation omitted).

Plaintiff's complaint reflects with specificity only his contention that when he was placed in segregation in February 1987, "the Officer took nearly all of Plaintiff's magazines ... and kept these ... for their personal reading pleasure." (Complaint, p.

4, par. 17) Plaintiff's complaint fails to identify either how or which defendants were responsible for the alleged destruction of his property, including a manuscript and tape cassettes, and there is no evidence that reasonably supports a claim of a conspiracy by the named defendants to interfere intentionally with plaintiff's personal property or otherwise to deprive him of any constitutional right.

■ Finally, it must be noted that plaintiff's claim of lost or destroyed property is contradicted by his own actions upon his release from segregation in March 1987. At that time, plaintiff acknowledged receipt of his property and made no mention of any missing property, despite the fact that the inventory form specifically directs the inmate to note any missing or damaged property on the form. The claim release on the form reads as follows:

Claim release: a. The receiving officer, as soon after receipt of the property as possible, will review the inventory with the inmate to verify its accuracy. Property that is stored, kept in possession of the inmate, mailed out of the institution, or donated is to be marked in the appropriate section of this inventory form. The receiving officer certifies receipt, review and disposition of the property by signing below. The inmate by signing below certifies the accuracy of the inventory, except as noted on the form, relinquishing of [sic] all claim to articles listed as donated, receipt of all allowable items, and receipt of a copy of the inventory. When the inmate claims a discrepancy in the inventory, the receiving officer shall attempt to resolve that discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under Comments.

The court is persuaded that by signing the form under these circumstances, plaintiff effectively waived any claim regarding property damage or destruction. Therefore, the court finds plaintiff has failed to

---

1. *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

state a claim upon which relief can be granted and concludes this action must be dismissed.

IT IS THEREFORE ORDERED that defendants' motion to dismiss is hereby granted.

IT IS FURTHER ORDERED that this action be dismissed and all relief denied. The clerk of the court is directed to transmit copies of this Order to plaintiff and to the United States Attorney for the District of Kansas.