948 F.2d 782
 292 U.S.App.D.C. 190
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Michael SINDRAM, Appellant,
v.
James F. DAVEY.
 No. 90-5183.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 17, 1991.
Rehearing En Banc Denied Dec. 6, 1991.
 
 Before RUTH BADER GINSBURG, D.H. GINSBURG and HENDERSON, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of appellant's motion for leave to proceed on appeal in forma pauperis, appellant's motion to reverse and remand in light of recent Supreme Court decision, appellant's motion for summary reversal, appellee's motion for leave to file a motion for enlargement of time, appellee's motion for enlargement of time to file a motion for summary affirmance, appellant's motion for clarification of appellee's motion for leave to file, and appellee's motion for summary affirmance and appellant's response thereto, it is
 
 
 2
 ORDERED that the motion for leave to proceed in forma pauperis be denied. It is
 
 
 3
 FURTHER ORDERED, on the court's own motion, that this appeal be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d) for the reasons stated in the accompanying memorandum. It is
 
 
 4
 FURTHER ORDERED that all remaining motions be dismissed as moot.
 
 
 5
 Because no appeal in forma pauperis has been allowed, no mandate shall issue.
 
 MEMORANDUM
 
 6
 Michael Sindram filed an action against James Davey, former Clerk of the U.S. District Court, in the Small Claims and Conciliation Branch of the D.C. Superior Court. The government removed this case to the district court. That court granted the government's motion to dismiss or, in the alternative, for summary judgment and refused to grant Sindram leave to proceed in forma pauperis (IFP) on appeal. Because this court concludes Sindram's claims are frivolous, we dismiss this appeal pursuant to 28 U.S.C. § 1915(d).
 
 
 7
 Sindram's claim for breach of contract is based on his assertion that Davey promised to pay him money allegedly owed to him by Hinton, a former District Court Clerk's Office employee. The D.C. Statute of Frauds requires that a "promise to answer for the debt, default, or miscarriage of another person" must be "in writing ... and signed by the party to be charged therewith or a person authorized by him." D.C.Code Ann. § 28-3501. Sindram has not pointed to such a writing, and therefore does not have an arguable legal basis for a breach of contract claim.
 
 
 8
 Sindram's constitutional claim also lacks an arguable basis in law. This court has held that a plaintiff seeking damages against a federal official for a violation of his constitutional rights must satisfy a "heightened pleading standard." This requires that the plaintiff at the very least specify with precision the clearly established rights allegedly violated. Whitacre v. Davey, 890 F.2d 1168, 1170-71 (D.C.Cir.1989), cert. denied, 110 S.Ct. 3301 (1990); Martin v. Malhoyt, 830 F.2d 237, 257, reh'g denied, 833 F.2d 1049 (D.C.Cir.1987). Sindram's Statement of Claim and subsequent pleadings do not measure up to that standard; indeed, they provide no indication at all of the constitutional rights Davey's actions allegedly violated.
 
 
 9
 Finally, Sindram's tort claim is also frivolous. Sindram alleged that Davey promised to pay Sindram the money owed to him by Hinton, and thus may have attempted to frame a claim for deceit. One who fraudulently misrepresents a fact, opinion, or intention for the purpose of inducing another to act in reliance on such a misrepresentation is answerable for any monetary loss caused by justifiable reliance. See Dresser v. Sunderland Apartments Tenants Ass'n, Inc., 465 A.2d 835, 840 (D.C.1983); Restatement (Second) of Torts § 525 (1977). In his Statement of Claim and subsequent pleadings, however, Sindram did not even allege the essential elements of a deceit claim. He did not claim that Davey intended not to pay Hinton's debt when Davey allegedly made this promise to Sindram. Nor did Sindram allege that Davey intended Sindram to rely on his promise or that Sindram did so rely. The absence of such allegations is telling. See Fed.R.Civ.P. 11.
 
 
 10
 Sindram's allegations that Davey interfered with his effort to collect money from Hinton conceivably could be construed as a claim for tortious interference with contract. The elements of this tort include: (1) existence of a contract; (2) defendant's knowledge of the contract; (3) defendant's intentional procurement of its breach; and (4) damages resulting from breach of the contract. Sorrells v. Garfinkel's, Brooks Bros., Miller & Rhodes, Inc., 565 A.2d 285, 289 (D.C.1989). Sindram, however, has made no factual allegations to back up an assertion that Davey acted with intent to obtain Hinton's breach of Hinton's agreement to repay Sindram. The conspicuous absence of factual support for a claim warrants the conclusion that the claim is frivolous. Neitzke v. Williams, 490 U.S. 319, 327 (1989).
 
 
 11
 Because Sindram has failed to present an arguable basis for recovery in either fact or law, this appeal is dismissed as frivolous.