**Carol L. CLARKE, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 7191.**

District of Columbia Court of Appeals.

Submitted Oct. 9, 1973.

Decided Nov. 21, 1973.

---

in her proof to the issue of false arrest because, in the court's judgment, that was the only issue spelled out in the pretrial order.[1] Counsel for appellant sought leave of court to amend the pretrial order, urging that any deficiencies in the order were the result of inadvertence and certainly not with her acquiescence. The court refused to permit any amendment to the pretrial order, ruling that to do so would be prejudicial to the District.

Appellant then put on her proof which was in substance that on May 20, 1971, at approximately 1:00 p. m., she and a female companion were walking at or near the front of the Mayflower Hotel when she was accosted by two men wearing "dashikis and blue denims." The men, later identified as Metropolitan Police Officers, abruptly and forcefully stopped appellant, seized her pocketbook and searched it. Appellant demanded an explanation and one of the men produced a badge and the other summoned, by means of a "walkie-talkie," other police officers who arrived —some in a patrol wagon and others in a scout car. The officers conferred briefly with the two men dressed in the "dashikis and blue denims" and one of the officers who arrived in a scout car announced, "She's not the one." Notwithstanding, appellant was told by the officers who first accosted her that they would have to take her over to the bank. According to appellant's testimony, the following then transpired:

A Well, one of the uniformed officers in the paddy wagon told me to step up in the paddy wagon; I didn't answer, I didn't move. Then, the uniformed officer in the scout car said he would take me over to the bank, American Security and Trust, in the scout car. At that point they put me in the back of the scout car. The fellow in the dashiki kept my purse; and the uniformed officer drove the scout car over to the bank

A. Lillian C. Kennedy, Washington, D. C., was on the brief for appellant.

C. Francis Murphy, Corp. Counsel, Richard W. Barton and Earl A. Gershenow, Asst. Corp. Counsels, Washington, D. C., were on the brief for appellee.

Before KELLY, KERN and PAIR, Associate Judges.

PAIR, Associate Judge:

This appeal is from a judgment entered on a directed verdict in an action against the District of Columbia (the District) for "false arrest, false imprisonment, unlawful search and assault."

At the commencement of the trial, which was before a jury, the court advised counsel for appellant that she would be limited

1. It appears that the judge (since retired), who presided at the pretrial proceedings, advised counsel that if the signatures were waived he would have copies of the order mailed to their respective offices.

of the American Security and Trust, 15th and M.

When we arrived at the bank, we got out and there was a guard, I imagine a bank security guard, in front of the building. And, he said to take her on in. We walked into the bank and walked to the back of the bank where several people—

Q Don't tell us what they said.

A Were standing around. At that point they left me standing in the middle of the floor, and they went over to say something to the young lady that was on my left at one of the desks. She looked up and said, "She's not the one."

Q Then what happened?

A The fellow in the dashiki came back over, apologized for picking me up off the street, handed me my purse, and escorted me out of the bank. He told me the uniformed officer would take me back where they picked me up.

Upon completion of appellant's proof, the court—on motion of the District—directed a verdict in its favor, holding that appellant had failed to establish as an essential element of her proof the absence of probable cause for her arrest and the search of her handbag. We reverse.

We notice first appellant's claim of error respecting the pretrial order as limiting her proof. The District's position at trial was that although appellant had complained against it for "false arrest, false imprisonment, unlawful search and assault," she was precluded by the pretrial order [2] from introducing evidence on any claim except that for false arrest. Strangely enough, the District urged then, as it does now, that it would have been surprised by testimony on any cause of action other than false arrest and that the proposed amendment to the pretrial order would have been prejudicial.

What is so difficult to understand about the District's reasoning is that its pretrial statement demonstrates the absence of any such surprise. The District's statement reads in pertinent part:

I. FACTS:

Plaintiff alleges that . . . she was falsely arrested, falsely imprisoned, unlawfully searched, and assaulted by members of the Metropolitan Police Department, D. C.

II. LIABILITY:

Plaintiff claims that the actions . . . were " . . . without any excuse or justification or probable cause . . . and subject[ed] her to embarrassing and humiliating experiences."

We have searched and found nothing in the record of the pretrial proceedings which indicates that appellant intended to abandon any of the causes of action stated in her complaint and restated, even though perhaps inartfully, in her pretrial statement which was incorporated in the pretrial order.

Super.Ct.Civ.R. 16 provides:

. . . . . .

The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the

2. PRE-TRIAL PROCEEDINGS STATEMENT OF NATURE OF CASE:
 This is an action for damages resulting from an alleged false arrest etc.
 Plaintiff's pretrial statement as to allegations of liability damages is incorporated herein.

The defendant denies all allegations of false arrest etc. Defendant's pretrial statement as to specific defenses is incorporated herein.

subsequent course of the action, unless modified at the trial to prevent *manifest injustice*. [Emphasis added.]

 While this rule is intended to remove cases from the "realm of surprise," it does not contemplate or require that rigid adherence to the pretrial order must always be exacted. *See* All Weather Storm Windows v. Zahn, D.C.Mun.App., 112 A.2d 496, 497 (1955).[3] Here it is imply inconceivable that the District could have been surprised. But, in any event, the trial court had discretion to permit an amendment to the pretrial order to prevent manifest injustice and, on this record, we hold that the court clearly abused its discretion. *See* Dormu v. Gill, D.C.App., 277 A.2d 104, 106 (1971).

 We turn now to appellant's claim of error in directing a verdict for the District at the close of the appellant's case. The gist of any complaint for false arrest or false imprisonment is an unlawful detention and that being shown the burden is imposed upon the defendant to establish that there was probable cause for the arrest. Put another way, an allegation that a plaintiff was arrested and imprisoned without process raises a presumption of unlawful restraint and shifts to defendant the burden of justifying the restraint as lawful. *See* Anderson v. Sager, 173 F.2d 794 (8th Cir. 1949); Carr v. National Discount Corp., 172 F.2d 899, 902 (6th Cir. 1949); Shaw v. May Department Stores Co., D.C. App., 268 A.2d 607 (1970). *See also and compare* Safeway Stores v. Barrack, 210 Md. 168, 122 A.2d 457 (1956).

In Director General of Railroads v. Kastenbaum, 263 U.S. 25, 27–28, 44 S.Ct. 52, 53, 68 L.Ed.2d 146 (1923), the Supreme Court made it crystal clear that:

The action for false imprisonment is in the nature of a trespass for a wrong or illegal act in which the defendant must have personally participated, direct-ly or by indirect procurement. The gist of it is an unlawful detention and, that being shown, the burden is on the defendant to establish probable cause for the arrest. The want of probable cause, certainly in the absence of proof of guilt or conviction of the plaintiff, is measured by the state of the defendant's knowledge, not by his intent. . . . But the standard applied to defendant's consciousness is external to it. The question is not whether he thought the facts to constitute probable cause, but whether the court thinks they did. Holmes, Common Law, 140. Probable cause is a mixed question of law and fact. The court submits the evidence of it to the jury, with instructions as to what facts will amount to probable cause if proved. Stewart v. Sonneborn, 98 U.S. 187, 194, 25 L.Ed. 116, 119; Pollock, Torts, 8th ed. 225; 1 Cooley, Torts, 3d ed. p. 321. . . .

 From the foregoing it appears without any serious question that the absence of probable cause for her arrest was not an essential element of appellant's proof, but was rather simply a matter of defense to the allegations of the complaint. Pierson v. Ray, 386 U.S. 547, 555–557, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Carroll v. Parry, 48 App.D.C. 453 (1919), cannot, of course, compel a different conclusion. Whatever view may be taken of the holding in that case, we are satisfied that neither malice nor wrongful intent are controlling considerations in an action for false arrest or false imprisonment, and that such allegations, insofar as they refer to false arrest or false imprisonment, are mere surplusage.[4]

Because the trial court was clearly in error when it directed a verdict for the District we reverse and remand for further proceedings not inconsistent with this opinion.

So ordered.

---

3. *Cf.* Seek v. Edgar, D.C.App., 293 A.2d 474, 477 (1972).

4. *Cf.* Wade v. District of Columbia, D.C. App., 310 A.2d 857 (1973).