Theodore A. WYLIE et al., Appellants,

v.

DISTRICT OF COLUMBIA et al., Appellees.

No. 79-2003.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 29, 1980.

Decided Nov. 10, 1980.

Melvin A. Marshall, Washington, D. C., for appellants.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., with whom Judith W. Rogers, Corp. Counsel, Richard W. Barton, Deputy Corp. Counsel, and Michael E. Zielinski, Asst. Corp. Counsel, Washington, D. C., were on brief, for appellees.

Before ROBB, MIKVA and GINSBURG, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

This is an appeal from a summary judgment for the District of Columbia in a suit brought by Theodore Wylie, Samuel Willoughby, and Richard Smith. *Wylie, et al. v. District of Columbia, et al.*, Civil Action No. 78-1581 (April 24, 1979). Appellants contended that they were subjected to unreasonable seizures within the meaning of the Fourth Amendment because they were not presented to a judicial officer of the D.C. Superior Court within a reasonable time following their arrests. The record is insufficient to support summary judgment. Accordingly, we reverse on procedural grounds and express no opinion on the merits.

The record discloses some of the circumstances surrounding the arrest and detention of each appellant. Wylie was arrested on the basis of a bench warrant at 11:45

A.M. on June 7, 1980, detained in jail over night, and arraigned at about 2:10 P.M. the following day. Willoughby, following his confession that he had committed the crime of indecent exposure, was arrested at 7:00 A.M. on June 21, 1978. He was taken to the D.C. Superior Court on June 21 just after a 12:00 noon deadline for the arraignment of arrestees charged with offenses against the District of Columbia, and was not arraigned until the following morning, June 22, 1978. Smith was arrested on a charge of petty larceny at about 4:00 A.M. on August 2, 1978, and was arraigned the same afternoon at about 5:00 P.M. The respective elapsed times of detention were, approximately, 26.5, 27, and 13 hours.

The record does not disclose the reasons, if any, for the various periods of pre–presentment delay. No showing is made concerning the practices of the D.C. Superior Court regarding arraignments and pre–presentment delays. The record is silent as to the availability of committing magistrates on the days in question, nor is there any showing as to how or why the time "deadline" for arraignments was established. The operation of the D.C. Citation Release Program in practice is not explained.

The district judge concluded that the pre–presentment delays which occurred were constitutionally reasonable. The law may support such an ultimate holding. The circumstances to which the law must be applied in this case, however, are inadequately presented. We are unwilling to act on the basis of a record which fails to answer so many questions. On remand we shall expect full exploration of the reasons for the pre–presentment delays. We shall also look for additional light on the time "deadline" for arraignments in the Superior Court, i. e., how it was established and the reason for it.

This reversal is without prejudice to the filing by appellees of a new motion for summary judgment, after the facts have been developed. Such a motion must be accompanied, however, by a proper and complete Statement of Material Facts as to which there is no Genuine Issue, as required by Local Rule 1–9(h) of the United States District Court for the District of Columbia. The Rule 1–9(h) Statement filed by appellees failed to address adequately the reasons for the pre–presentment delays.

The case is remanded for further proceedings not inconsistent with this opinion.

*So ordered.*