Shirley A. STEVENS, Plaintiff,

v.

David H. STOVER, et al., Defendants.

Civ. A. No. 85–2035.

United States District Court, District of Columbia.

Jan. 5, 1990.

---

Joseph P. Hart, Washington, D.C., for plaintiff.

Michael L. Martinez, Asst. U.S. Atty. with whom Jay B. Stephens, U.S. Atty., and John D. Bates, Asst. U.S. Atty., were on the brief, Washington, D.C., for defendants.

CHARLES R. RICHEY, District Judge.

This suit arises out of the arrest of plaintiff, a former Sergeant with the Metropolitan Police Department, by officers of the United States Park Police and the Metropolitan Police Department near the Sousa Bridge in Washington, D.C. on June 22, 1984. At this stage in this case's long history, the only claims that remain for resolution are those against Officer David H. Stover, in his individual capacity, for violation of 42 U.S.C. § 1983 and for various common law torts and those against

the United States for violations of the Federal Tort Claims Act and for equitable relief.

■ Now before the Court is the defendants' renewed motion to dismiss or, in the alternative, for summary judgment on the remaining claims in this suit.[1] Defendants base their motion on the findings of fact that were made at the conclusion of an administrative trial before the Metropolitan Police Department Adverse Action Panel ("AAP"). The Court previously ruled that the AAP's findings of fact were entitled to preclusive effect.[2] *Stevens v. Stover,* 702 F.Supp. 302, 306 (D.D.C.1988). The Court, however, deferred ruling on the defendants' motion until the conclusion of plaintiff's appeal of those findings before the Office of Employee Appeals ("OEA") so as not to run the risk of granting or denying relief on the basis of a judgment that might subsequently be overturned. The OEA has considered plaintiff's appeal of the AAP's findings and has affirmed all of the AAP's findings that are relevant to plaintiff's claims in this case.

Upon consideration of defendants' renewed motion to dismiss or, in the alternative, for summary judgment, plaintiff's opposition thereto, the factual findings of the AAP and the OEA, and the underlying law, the Court concludes that there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law. Therefore, the Court will now grant the defendants' motion for summary judgment as to the claims that remain in this case.

■ Plaintiff filed a claim against Officer Stover pursuant to 42 U.S.C. § 1983 because she maintains that Officer Stover used excessive force against her when he arrested her. The standard for examining whether Officer Stover used excessive force in connection with his arrest of plaintiff is "the Fourth Amendment's 'objective reasonableness' standard." *Graham v. Connor,* —— U.S. ——, 109 S.Ct. 1865, 1867, 104 L.Ed.2d 443 (1989). The Fourth Amendment's standard of objective reasonableness "requires a careful balancing of the ' "nature and quality of the intrusion on the individual's Fourth Amendment interests" ' against the countervailing governmental interests at stake." *Id.* 109 S.Ct. at 1871 (quoting *Tennessee v. Garner,* 471 U.S. 1, 8, 105 S.Ct. 1694, 1699, 85 L.Ed.2d 1 (1985); *United States v. Place,* 462 U.S. 696, 703 (1983)). The reasonableness of the force used by an officer in making an arrest "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he [or she] is actively resisting arrest or attempting to evade arrest by flight." *Id.* 109 S.Ct. at 1871–72.

1. In their renewed motion, defendants overlook the fact that the various common law tort claims that plaintiff brought against Officer Stover remain for resolution in addition to the claim that plaintiff filed against Stover pursuant to 42 U.S.C. § 1983.

2. The Court notes that plaintiff urges the Court to reconsider its ruling that the findings of the AAP are entitled to preclusive effect. *Plaintiff's Memorandum in Opposition to Supplemental Memorandum in Support of Defendants' Motion to Dismiss or for Summary Judgment.* The primary argument that plaintiff advances is that the factual issues germane to the resolution of her outstanding claims were not actually litigated at the administrative level; the Court must reject this argument because the administrative record is to the contrary. In addition, plaintiff maintains that Officer Stover and the United States are not in a position to argue that the AAP's findings are entitled to preclusive effect because they did not participate in the proceedings before the AAP. This argument must fail; the fact that Officer Stover and the United States did not participate in the proceedings before the AAP would only be relevant if plaintiff was seeking to use the AAP's factual findings against Officer Stover and the United States. Then, application of issue preclusion would be improper because Officer Stover and the United States did not have a full and fair opportunity to litigate those facts before the AAP. Nowhere does plaintiff allege that she was denied a full and fair opportunity before the AAP to litigate the facts that are the subject of the AAP's findings. Finally, plaintiff contends that the AAP's findings with respect to Officer Stover were "ultra vires" because Stover was a "stranger to the proceedings" before the AAP; plaintiff does not cite to any legal authority in support of her contention, and the Court is unaware of the existence of any such authority.

The specific factual circumstances surrounding plaintiff's arrest indicate that Officer Stover needed to exercise some force in order to arrest plaintiff, and that the degree of force exercised was reasonable. Plaintiff resisted arrest; she honked her car's horn unnecessarily, refused to show her license and registration, and almost struck an officer with her vehicle in trying to flee.[3] Although Officer Stover did use some force against plaintiff in order to arrest her, the evidence presented before the AAP and the OEA does not indicate that the degree of force employed was excessive. To the contrary, the AAP found that "[w]hile it appears that at some point [plaintiff] had lacerations, bruises and internal problems requiring medical treatment, [there was no] ... evidence of mistreatment at the time of the intervention and arrest...."[4] The OEA affirmed this finding.[5]

■ Moreover, even assuming that Officer Stover did in fact use excessive force against plaintiff at the time of her arrest, Officer Stover's use of excessive force in and of itself does not entitle plaintiff to recovery on her section 1983 claim. The defense of qualified immunity shields Officer Stover against plaintiff's excessive force claim as long as his conduct did " 'not violate clearly established ... rights of which a reasonable person would have known.' " *Martin v. Malhoyt*, 830 F.2d 237, 253 (D.C.Cir.1987) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). Considering the force plaintiff

exercised in resisting her arrest, the Court finds that a reasonable officer in Officer Stover's shoes would have believed that the force that he used against plaintiff was lawful. Accordingly, Officer Stover is entitled to qualified immunity as to plaintiff's section 1983 claim.

Defendant has asserted common law tort claims against Officer Stover and the United States pursuant to the Federal Tort Claims Act for false arrest, false imprisonment, assault, battery, malicious prosecution, negligent infliction of emotional distress, intentional infliction of emotional distress, negligence, and gross negligence. The Court will address each of plaintiff's tort claims against Officer Stover and the United States in turn.

■ In order to make out a claim for false arrest[6], plaintiff must prove that she "was arrested against her will and that the arrest was unlawful." *McCarthy v. Kleindienst*, 741 F.2d 1406, 1413 (D.C.Cir.1984). "The focal point of the action is the question whether the arresting officer was justified in ordering the arrest of the plaintiff; if so, the conduct of the arresting officer is privileged and the action fails." *Dellums v. Powell*, 566 F.2d 167, 175 (D.C.Cir.1977); *see also Lucas v. United States*, 443 F.Supp. 539, 543 (D.D.C.1977) (holding that "[u]nder the common law of the District of Columbia, probable cause to effect an arrest is a defense to a law enforcement officer for the tort[ ] of ... false arrest"), *aff'd*, 590 F.2d 356 (D.C.Cir.1979). The AAP's findings which were affirmed by the OEA, namely that plaintiff engaged in conduct unbecoming an officer by unnecessarily honking her horn, failing to show her license and registration as directed by an officer, and almost striking an officer in

---

3. *Stevens v. Metropolitan Police Department*, OEA Docket No. 1601–0163–86 (April 13, 1989) ("Defendant's Exhibit 4") at 15–16.

4. The AAP specifically found that plaintiff's "injury was sustained as a direct result of her resisting/fighting with the United States Park Police." *In the Matter of Sergeant Shirley A. Stevens*, Case No. 090–85 (May 22, 1986) ("Defendant's Exhibit 1") at 51. The OEA did not overturn this finding.

5. Defendant's Exhibit 4 at 18–19.

6. There is no practical distinction between the torts of false arrest and false imprisonment. *Curry v. Giant Food Co. of D.C.*, 522 A.2d 1283, 1287 n. 3 (D.C.1987) (citing *Shaw v. May Department Stores Co.*, 268 A.2d 607, 609 n. 2 (D.C. 1970)). As such, the Court will not discuss plaintiff's claim for false imprisonment separately from plaintiff's claim for false arrest.

the process of trying to flea, demonstrate that Officer Stover was justified in arresting plaintiff. Accordingly, plaintiff's claim against Officer Stover and the United States for false arrest must fail.

"Probable cause is [also] a defense to a claim for assault and battery in connection with an arrest so long as the force used in making the arrest was reasonable." *Wilcox v. United States*, 509 F.Supp. 381, 386 (D.D.C.1981) (citing *Wade v. District of Columbia*, 310 A.2d 857 (D.C.1973)); *see also Lucas*, 443 F.Supp. at 543 (holding that "[u]nder the common law of the District of Columbia, probable cause to effect an arrest is a defense to a law enforcement officer for the torts of assault [and] battery"). The Court has already found that Officer Stover had probable cause to arrest plaintiff and that he did not use excessive force in effecting plaintiff's arrest. "There being probable cause to make ... the arrest ... and the complaint not stating facts sufficient to constitute a separate claim for assault and battery unrelated to the arrest[ ]," the Court will grant defendants' motion for summary judgment on plaintiff's assault and battery claim. *Wilcox*, 509 F.Supp. at 386.

In order to make out a claim for malicious prosecution, plaintiff must prove "1) the initiation or procurement of criminal proceedings; 2) without probable cause; 3) primarily for a purpose other than bringing an offender to justice and 4) termination of the proceeding in favor of the accused." *Davis v. Giles*, 769 F.2d 813, 814–15 (D.C. Cir.1985) (citing Restatement (Second) of Torts § 653 (1977)). The existence of probable cause for Officer Stover to arrest plaintiff and the AAP's finding, which was affirmed by the OEA, that plaintiff engaged in conduct unbecoming an officer are fatal to plaintiff's claim for malicious prosecution; therefore, plaintiff's malicious prosecution claim cannot withstand defendants' motion for summary judgment.

■ In this jurisdiction, " 'there can be no recovery for negligently caused emotional distress, mental disturbance, or any consequences thereof, where there has been no accompanying physical injury.' " *Coughlin v. Washington University Health Plan, Inc.*, 565 A.2d 67, 71 (D.C. 1989) (quoting *District of Columbia v. Smith*, 436 A.2d 1294, 1296 (D.C.1981)). Plaintiff alleges that she suffered physical injuries as a result of the conduct engaged in by Officer Stover when he arrested her. Contrary to plaintiff's allegations, the AAP and the OEA both found that although plaintiff did sustain physical injuries, these injuries were not sustained as a result of actions taken by Officer Stover during his arrest of plaintiff.[7] Because plaintiff has failed to establish a nexus between her physical injuries and the conduct of Officer Stover, defendants are entitled to summary judgment on plaintiff's claim for negligent infliction of emotional distress.

■ Unlike the tort of negligent infliction of emotional distress, the tort of intentional infliction of emotional distress does not require plaintiff to prove that she sustained physical injury as a result of the defendants' conduct. Instead, "the tort of intentional infliction of emotional distress consists of (1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress." *Ridgewells Caterer, Inc. v. Nelson*, 688 F.Supp. 760, 764 (D.D.C.1988) (citing *Sere v. Group Hospitalization, Inc.*, 443 A.2d 33 (D.C.), *cert. denied*, 459 U.S. 912, 103 S.Ct. 221, 74 L.Ed.2d 176 (1982)). "Conduct which will result in liability for the first element must be 'so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and be regarded as atrocious and utterly intolerable in a civilized community.' " *Sere*, 443 A.2d at 37 (quoting Restatement (Second) of Torts, § 46, Comment at 73). The only conduct alleged in plaintiff's complaint that could conceivably constitute extreme and outrageous conduct are the allegations plaintiff made with respect to the force Officer Stover employed in effecting his arrest of plaintiff. The force that Officer Stover used against plaintiff in arrest-

7. *See supra* notes 4 and 5 and accompanying text.

ing her does not rise to the level of extreme and outrageous conduct required for a claim of intentional infliction of emotional distress as the Court has already found that the degree of force that Officer Stover employed in arresting plaintiff was reasonable in view of plaintiff's resisting arrest. Accordingly, the Court will grant defendants summary judgment on plaintiff's claim for intentional infliction of emotional distress.

■ The remaining common law tort claims against Officer Stover and the United States are for negligence and gross negligence. ' "The elements of a cause of action for negligence are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, and damage to the interests of the plaintiff, proximately caused by the breach." ' *Turner v. District of Columbia,* 532 A.2d 662, 666 (D.C. 1987) (quoting *District of Columbia v. Cooper,* 483 A.2d 317, 321 (D.C.1984)). Plaintiff has failed to demonstrate that she suffered damages as the proximate result of Officer Stover or the United States breaching a duty that they owed her. Although the AAP and the OEA found that plaintiff sustained physical injuries near the time of her arrest, the findings of the AAP and the OEA indicate that any injuries that plaintiff sustained at the time of her arrest were proximately caused not by a breach of duty that Officer Stover or the United States owed plaintiff, but instead by plaintiff's resisting arrest.[8] As such, plaintiff has failed to establish a negligence claim against either Officer Stover or the United States.[9]

■ Finally, plaintiff is seeking the expungement of all records pertaining to her arrest and any disciplinary actions taken against her as a result of her arrest. "The power to order expungement is a part of the general power of the federal courts to fashion appropriate remedies to protect important legal rights." *Doe v. Webster,* 606 F.2d 1226, 1230 n. 8 (D.C.Cir.1979) (citations omitted). "Any expungement decision requires a delicate balancing of the equities and ... 'depends on the facts and circumstances of the case'; 'there must be a logical relationship between the injury and the requested remedy.' " *Livingston v. United States Dep't of Justice,* 759 F.2d 74, 78 (D.C.Cir.1985) (quoting *Webster,* 606 F.2d at 1231). "The general rule ... is that expungement of an arrest record is appropriate when serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him [or her], outweighs the government's need for a record of the arrest." *Webster,* 606 F.2d at 1231.

Here, a logical relationship between expungement and any injury sustained by plaintiff is lacking because Officer Stover arrested plaintiff based on probable cause and plaintiff's allegations of governmental misconduct during the course of the arrest were found to be unavailing.[10] As such, the Court will not order the expungement of plaintiff's arrest record or the records

---

**8.** *See supra* footnotes 4 and 5 and accompanying text.

**9.** Because plaintiff has failed to establish her right to recovery on a negligence theory, it is unnecessary to address her right to recovery under a gross negligence theory because gross negligence requires a more " 'extreme departure from the ordinary standard of care' " than does ordinary negligence. *Wager v. Pro,* 603 F.2d 1005, 1010 (D.C.Cir.1979).

The Court notes that defendants briefed Officer Stover's entitlement to qualified immunity on the § 1983 claim in their renewed motion to dismiss or, in the alternative, for summary judgment which was filed after the OEA issued its findings, but did not address whether Stover was entitled to absolute or qualified immunity

on the various common law claims that plaintiff filed against him. The Court presumes this was an oversight on defendants' part because they overlooked the fact that common law tort claims against Officer Stover were not disposed of by their previous motions to dismiss or for summary judgment.

**10.** The proceedings before the AAP and the OEA were disciplinary rather than criminal in nature and resulted in disciplinary action against plaintiff rather than a conviction. Nevertheless, it should be noted that in the context of a criminal proceeding, there is case law to the effect that "it would be wholly inappropriate to order [the] expungement [of an arrest record] ... where there has been not only a valid arrest but a valid conviction." *Webster,* 606 F.2d at 1231.

pertaining to the disciplinary proceedings arising out of her arrest.

The Court will issue an Order of even date herewith memorializing these findings.

## ORDER

In accordance with the Court's Opinion of even date herewith, it is, by the Court, this 5th day of January, 1990,

ORDERED that the defendants' motion for summary judgment shall be, and hereby is, granted; and it is

FURTHER ORDERED that the above-captioned case stands dismissed from the dockets of this Court.