**Brenda JOYCE, Plaintiff,**

v.

**UNITED STATES of America,
et al., Defendants.**

**Civ. A. No. 89–2544.**

United States District Court,
District of Columbia.

April 2, 1992.

Herbert Alan Dubin, Silver Spring, Md., for plaintiff.

Madelyn Johnson, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM

JOHN GARRETT PENN, Judge.

This matter comes before the court on defendants' Motion to Dismiss, or in the Alternative for Summary Judgment. After careful consideration of the defendants' motion, the plaintiff's opposition, the defendants' reply to the opposition thereto, and the entire record in this case, the Court concludes that the motion for summary judgment should be granted.

### I. Background [1]

On September 13, 1986, plaintiff was in her motor vehicle on Madison Drive, S.W., in the District of Columbia. Defendants Sergeant White ("White") and Officer Moore ("Moore") came upon plaintiff in her automobile, which was double parked. White first blew his horn and motioned plaintiff to move from the area. White then got out of his car, approached plaintiff's car, displayed his badge to plaintiff, and directed her to move on. Plaintiff refused to move her car and defendant White returned to his patrol car. Plaintiff subsequently walked over to defendants' patrol car and asked to see White's badge. White refused, plaintiff then returned to her car and moved it a short distance and stopped again. White again motioned to plaintiff to move on, but plaintiff did not respond. White walked over to plaintiff's car again and said he would call for a tow truck if she continued to refuse to move her car. White then returned to his patrol car and waited five or six minutes. Plaintiff did not move her car. At this time,

---

1. The following facts of this case are those as identified by the defendants in their statement of material facts because plaintiff has failed to comply with D.C.Local Rule 108(h), in that she has not filed a counterstatement of material issues in dispute. Consequently, the Court must rely on the material facts as identified by defendants and are so admitted.

White proceeded to pull his patrol car in front of plaintiff's car, parked it, walked back to plaintiff's car and instructed her to present her driver's license and vehicle registration. Plaintiff refused, and instead, locked the car doors and closed all the car windows.

Next, White told plaintiff he would place her under arrest if she did not follow his instructions. Plaintiff continued to disregard White's instructions. White then told plaintiff that she was under arrest and that he would have to break the window to effect the arrest if she did not open the car door. Plaintiff picked up a child from the back seat and still did not respond. As White started walking back to his patrol car, plaintiff unlocked her car doors. White returned to plaintiff's car, opened the door, guided her by her arm, and without force, removed plaintiff from her car. *See* Defendants' Statement of Material Facts.

Throughout the entire episode, plaintiff was allegedly uncooperative and resisted attempts to place handcuffs on her. A female officer, who responded to the radio call, conducted a patdown search of plaintiff and defendants escorted plaintiff to a transport vehicle. According to White and Moore, at no time did plaintiff complain of any injuries or pain. Later, plaintiff was charged with disorderly conduct, obstructing traffic, and disobeying an officer's order. *Id.*

Plaintiff alleges false arrest, false imprisonment, assault, battery, malicious prosecution, defamation, intentional and negligent infliction of emotional distress, negligence, negligent training and negligent supervision, gross negligence, and violation of plaintiff's civil rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. Plaintiff further alleges that the defendants' acts violated her statutory rights under 42 U.S.C. § 1983. Plaintiff alleges that the United States is liable under the provisions of the Federal Tort Claims Act ("FTCA") for the above mentioned claims.

## II. Motion to Dismiss, or in the Alternative for Summary Judgment

The Court will treat defendant's motion to dismiss or, in the alternative, for summary judgment, as a motion for summary judgment.[2] Summary judgment is proper where the pleadings, stipulations, affidavits, and admissions in a case show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Since the party moving for summary judgment has the burden of proving the lack of any genuine issue of fact, the Court must view the available facts in the light most favorable to the non-moving party. *Minihan v. American Pharmaceutical Ass'n*, 259 U.S.App.D.C. 10, 812 F.2d 726, 727 (1987).

Although the burden on the party opposing a motion for summary judgment is not great, the party is still "required to show specific facts as opposed to general allegations, that present a genuine issue worthy of trial." 10A Wright, Miller & Kane Federal Practice & Procedure at § 2727 (2d ed. 1983). In the present case, plaintiff may respond to the motion by arguing that the evidence offered by the United States raises an issue of fact which must be resolved at trial. Under this standard, facts asserted by the party opposing the motion, in this case the plaintiff, if supported by affidavits

---

**2.** When a party has filed a motion to dismiss and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 ..." Fed.R.Civ.P. 12(b).

or other evidentiary material, are regarded as true. *Id.*

■ The Rules of the United States District Court for the District of Columbia, ("Local Rules"), also govern procedure for summary judgment motions. Local Rule 108(h) provides which documents must accompany the motion and the opposition. The rule, in relevant part, states:

Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. *An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated,* which shall include references to the parts of the record relied on to support the statement. (emphasis added).

Plaintiff, however, has failed to file a timely counterstatement of genuine issues believed to be in dispute, as required under Local Rule 108(h). Plaintiff has not sought to explain her lack of compliance with Local Rule 108(h), nor has she filed a motion to the Court in attempt to have a late submission accepted.[3] Therefore, the material facts as identified by defendant are deemed admitted. *Twist v. Meese,* 272 U.S.App.D.C. 204, 854 F.2d 1421 (1988).

### III. False Arrest and False Imprisonment Claims

■ In the District of Columbia, the torts of false arrest and false imprisonment are indistinguishable. *Shaw v. May Dept. Stores, Co.,* 268 A.2d 607 (D.C.App.1970). False imprisonment is a tort which unlawfully deprives a person of his or her liberty. In order to prevail on such a claim plaintiff must prove that there was a detention or restraint against her will and that it was unlawful. *Koroma v. United States,* 628 F.Supp. 949, 952 (D.D.C.1986); *35 C.J.S. False Imprisonment* § 5 (1960). If the detention was effected without an arrest warrant, it is presumed to be unlawful and it is incumbent upon the defendant to justify the arrest. *Clarke v. District of Columbia,* 311 A.2d 508, 511 (D.C.App.1973); *see also Wilcox v. United States,* 509 F.Supp. 381 (D.D.C.1981). "Justification for arrest and imprisonment can be established by showing there was probable cause for arrest of plaintiff[ ] on the grounds charged." *Wilcox,* 509 F.Supp. at 384; *see also Shaw,* 268 A.2d at 609. Since the burden of pleading probable cause rests with the defendant, the official must demonstrate that his conduct was justified by an objectively reasonable belief that it was lawful. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1924, 64 L.Ed.2d 572 (1980).

■ In the present action, plaintiff was arrested for disorderly conduct, obstructing justice and disobeying an officer's order. Officer White's Declaration, para. 13. According to defendant White, plaintiff did not respond to his repeated instructions to move her illegally parked car, and upon his attempt to arrest plaintiff for traffic violations, plaintiff became boisterous and attempted to evade arrest. *See* White's Declaration. Based upon the above facts, the Court concludes that probable cause existed to arrest plaintiff. Therefore, summary judgment of the false arrest and false imprisonment claims should be granted.

### IV. Assault and Battery Claims

■ Plaintiff's claims for assault and battery are directly related to her claim for false arrest. Probable cause is a defense to assault and battery in connection with an arrest so long as the force used in making the arrest was reasonable. *Wilcox,* 509 F.Supp. at 386, *citing Wade v. District of Columbia,* 310 A.2d 857 (D.C.App.1973). While an officer is privileged "to use such force as under the circumstances appears reasonably necessary" to effect an arrest, the use of excessive force will render him liable for any injuries or damages suffered as a result. *Hoston*

---

**3.** The Court notes that defendants raised the issue of plaintiff's lack of a statement of material facts in their reply to plaintiff's opposition to the motion.

*v. United States*, 566 F.Supp. 1125, 1132 (D.D.C.1983), *quoting Bell v. United States*, 102 U.S.App.D.C. 383, 254 F.2d 82, 85 (1958). Defendants contend that no force was used when removing plaintiff from her car once she unlocked the doors. White's Declaration, para. 10. In addition, defendants claim that plaintiff did not complain of any injuries or pain. White's Declaration, para. 12 and Moore's Declaration, para. 12. Nor did Sergeant White hear plaintiff make any such complaints. White Declaration, para. 12. Defendants also contend that because plaintiff did not complain of injury or pain, medical aid was unnecessary to assist plaintiff and thus was not summoned.[4] The Court concludes, given the totality of the circumstances, that the force used by defendants was not excessive. Therefore, there is not sufficient evidence to constitute a separate claim for assault and battery unrelated to the arrest. Having previously determined there was probable cause to make the arrest, the Court concludes that the defendants' motion for summary judgment as to the assault and battery claims should be granted.

### V. Malicious Prosecution Claim

 Establishing a claim for malicious prosecution requires: "(1) the initiation or procurement of criminal proceedings; (2) without probable cause; (3) primarily for a purpose other than bringing an offender to justice; and (4) termination of the proceeding in favor of the accused." *Davis v. Giles*, 248 U.S.App.D.C. 124, 769 F.2d 813, 814–815 (1985). Having found that defendants had probable cause to arrest plaintiff, plaintiff cannot establish an essential element of a malicious prosecution claim. Accordingly, defendants' motion for summary judgment on this claim must be granted.

### VI. Defamation Claim

 Given that the Attorney General or his delegatee has certified, pursuant to 28 U.S.C. § 2679, that the individually-sued defendant park police officers were acting within the scope of their duties, *see* Defendants' Certification, the United States government is the appropriate defendant in an action brought under the FTCA. 28 U.S.C. § 2679(d)(1). Consequently, plaintiff is barred by the FTCA from proceeding on a claim for defamation because it exempts the government from liability on this cause of action. *See* 28 U.S.C. § 2680(h). *See also Wilcox*, 509 F.Supp. at 387. As it has been concluded that the defendant park police officers were acting within the scope of their employment, defendants' summary judgment motion on this claim is granted.

### VII. Intentional and Negligent Infliction of Emotional Distress

 On a claim for intentional and negligent infliction of emotional distress, plaintiff must show that the defendant acted in an (1) extreme and outrageous manner (2) which was intentionally or recklessly calculated to cause plaintiff (3) severe emotional distress. *Green v. American Broadcasting Companies, Inc.*, 647 F.Supp. 1359, 1362 (D.D.C.1986). Plaintiff must prove all three elements to prevail on her claim. Damages may not be recovered under a claim for emotional distress unless defendants' actions caused plaintiff some physical harm. *Id.* at 1363. *See also Garber v. United States*, 188 U.S.App.D.C. 172, 578 F.2d 414 (1978).

 Based on the facts before the Court, the Court concludes that defendants effected a proper arrest. Additionally, the declarations of Sergeant White and Officer Moore establish that plaintiff did not sustain injuries in the course of her arrest. Hence, "the element of physical harm necessary to support a claim for intentional infliction of emotional distress," *Doe v. Berberich*, 704 F.Supp. 269, 272 (D.D.C. 1988), has not been satisfied. Accordingly, defendants' motion for summary judgment on this claim is granted.

---

**4.** Park police standard procedures require medical aid to be summoned if an arrestee complains of injury or pain. *See* Defendants' Statement of Material Facts, p. 6.

## VIII. Negligent Supervision and Training Claim

■ The Court has found, that the arresting officers had probable cause to arrest plaintiff. Accordingly, the government is not liable for any negligence, since the defendant park police officers committed no wrongful act in their arrest of plaintiff. *Wilcox*, 509 F.Supp. at 386. Hence, summary judgment on this claim must be granted in favor of defendants.

## IX. Constitutional Claims

■ Plaintiff contends that defendants' alleged acts violated her Fourth Amendment right to be free from unreasonable seizure, her Fifth and Fourteenth Amendment rights not to be deprived of liberty or property without due process of law, and her Sixth Amendment right to be advised of charges brought against her.

Plaintiff's Fourth Amendment claim is brought under 42 U.S.C. § 1983 and is based upon use of excessive force. *See* Plaintiff's Opposition to Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment, pp. 22–24 ("Plaintiff's Opposition"). The Fourth Amendment guarantees the right to be free from "unreasonable" searches and seizures. The Court must apply the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The Fourth Amendment's protection regarding arrests, however, only requires that there be probable cause to make the arrest. *Dorman v. United States*, 140 U.S.App. D.C. 313, 435 F.2d 385, 389 (1970). Since the Court has already found that the arrest was predicated on probable cause, plaintiff's Fourth Amendment right has not been violated and summary judgment is granted on this claim.

■ To assert a Fifth Amendment constitutional claim, plaintiff must demonstrate a "judicially cognizable interest in [some] affected property [or liberty] sufficient to enable [her] to sue for an unconstitutional deprivation of the use and enjoyment of that private property [or liberty]." *Helms v. Secretary of Treasury*, 721 F.Supp. 1354, 1360 (D.D.C.1989). Plaintiff, however, has failed to allege any fact that demonstrates to the Court that defendants have disturbed any property or liberty interest held by plaintiff. Rather, plaintiff merely asserts, in vague and conclusory terms, that she was "deprived of her liberty without due process of law."[5] *See* Plaintiff's Opposition, para. 21. This allegation is insufficient to withstand a challenge because it does not put the defendant on notice as to what plaintiff's claim is based on, nor does it demonstrate a legally cognizable claim. *See generally, Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Therefore, summary judgment is granted in favor of defendants on plaintiff's Fifth Amendment claim.

Although plaintiff alleges Sixth and Fourteenth Amendment violations in her complaint, her opposition to defendants' motion fails to address defendants' arguments for summary judgment. Therefore, the Court will treat plaintiff's lack of response as a concession. Summary judgment, therefore, is granted in favor of the defendants on plaintiff's Sixth and Fourteenth Amendment claims.

## X. Claims Brought Against Defendants In Their Individual Capacity and In Their Official Capacity

As discussed above, plaintiff has failed to establish the necessary elements for her tort claims. Plaintiff, in bringing constitutional claims against public officials, also has failed to meet the heightened pleading standard requirements necessary to maintain a *Bivens*[6] suit. Plaintiff's complaint or other supporting materials, require "greater factual specificity and particularity than is usually required." *See Martin*

---

5. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires plaintiff to set out "a short and plain statement of the claim" that will give the defendant fair notice of what her claim is and on what grounds it rests. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

6. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

*v. Malhoyt,* 265 U.S.App.D.C. 89, 830 F.2d 237 (1987). Consequently, the Court concludes that since plaintiff has not met any of the legal burdens necessary to maintain her tort and/or constitutional claims, it need not determine whether plaintiff can bring alternative claims against the defendants in their individual capacities and/or in their official capacities.

For all of the foregoing reasons, the defendants' motion for summary judgment is granted.