**SOCIETE LIZ, S.A., Plaintiff,**

v.

**CHARLES OF THE RITZ GROUP, LTD., et al., Defendants.**

Civ. A. No. 85–1129.

United States District Court, District of Columbia.

Dec. 22, 1987.

As Amended Dec. 28, 1987.

Alan H. Kaufman and James L. Quarles, III, Boston, Mass., for plaintiff.

John Vanderstar, Mitchell F. Dolin and Carlos M. Vazquez, Washington, D.C., for Charles of the Ritz Group, Ltd.

Mitchell H. Stabbe, Washington, D.C., and Marty Steinberg, Miami, Fla., for Philip Manuel Resource Group, Ltd., et al.

CHARLES R. RICHEY, District Judge.

## I. INTRODUCTION

Plaintiff has moved for leave to amend its complaint pursuant to Fed.R.Civ.P. 15(a), 15(c), 15(d), 20(a) and 21. *See* Memorandum in Support of Plaintiff's Motion for Leave to Amend Its Complaint at 1 and Plaintiff's Reply in Support of Its Motion for Leave to Amend at 43–44. Defendants have vigorously opposed the motion. After careful consideration of the papers in support thereof and in opposition thereto and having heard the parties present their respective positions at a hearing on the motion held December 18, 1987, the Court will deny plaintiff's Motion for Leave to Amend Its Complaint for the reasons set forth below.

To grant the motion for leave to amend and thus grant plaintiff's request for a continuation of the trial date and enlargement of the period for discovery would not only give plaintiff three opportunities to draft its complaint, but also avoid two previously scheduled pre-trial and trial dates. Thus, a third date would have to be set for both pretrial and trial in late 1988. As the Court stated at a status conference held December 3, 1987, the Courts are simply not in business only for the exclusive benefit of antitrust lawyers to go through endless discovery and complex litigation proce-

dures unless necessary and required, and this is not such a case.

At the outset of this proceeding, the parties complained that this Judge was the fourth judge of this Court before whom they had appeared. As a result thereof and in order to accommodate the parties, the Court promptly appointed a special master and set discovery deadlines and pretrial and trial dates. These deadlines and dates have already been extended once. The latest dates are apparently going to be for naught as well. Therefore, except for the outstanding dispositive motions on which this Court is awaiting the recommendation from the Special Master, which is expected by February 28, 1988, the Court denies plaintiff's motions to enlarge the period for discovery, to continue the trial date, and for leave to amend its complaint. With respect to the dispositive motions filed by the defendants, the Court is prepared to rule promptly on them as soon as the Court receives the written recommendation from the Special Master on or before February 28, 1988.

## II. BACKGROUND

Plaintiff was last given leave to amend its complaint by Order of Judge Parker dated October 11, 1985. That complaint alleges that defendant Charles of the Ritz Group, Ltd. ("Ritz") engaged in a "compulsory tying arrangement" involving perfume products between March, 1980 and January, 1985. It further complains that Ritz and defendant Philip Manuel Resource Group, Ltd ("PMRG") engaged in a conspiracy to terminate plaintiff as a distributor of Ritz products. First Amended Complaint ¶¶ 17–18, 19–21. Plaintiff also alleges that Ritz conspired with several of Ritz's competitors to terminate plaintiff as a distributor of any and all perfume products as early as January, 1985, some *34 months* prior to its motion seeking leave to amend its complaint for a second time. *See* First Amended Complaint ¶ 22. Some of these co-conspirators are identified, but not named as defendants. First Amended Complaint ¶ 23. Although the identities of other co-conspirators apparently were not known to the plaintiff when it filed its

motion for leave to amend its complaint on August 30, 1985, plaintiff may well have discovered the identities of these alleged co-conspirators in September, 1985. *See* First Amended Complaint ¶¶ 23–25 (Chanel and Carratu International, Ltd., proposed defendants in second amended complaint, identified by plaintiff); Proposed Second Amended Complaint ¶¶ 48–49. In any event, plaintiff was aware in October, 1985, a full two years prior to the instant motion to amend, of an alleged "massacre" carried out by Ritz and its co-conspirators to drive plaintiff out of business. *See* Plaintiff's Reply in Support of Its Motion for Leave to Amend at 43–44.

Plaintiff filed its motion for leave to amend its complaint on October 30, 1987, approximately two years after it had allegedly suffered an "antitrust injury" at the hands of the defendants and their identified and unidentified co-conspirators. The Court is hard-pressed to accept the contention that it has taken the plaintiff this long to identify the alleged co-conspirators who are in fact its suppliers. Furthermore, prior to plaintiff's motion seeking leave to amend its complaint both Ritz and PMRG filed dispositive motions in April and May of 1987. These motions were opposed by plaintiff, and the defendants filed their responses. Finally, the Court notes that the motion for leave to further amend the complaint was filed with the Court within approximately one month of the discovery cut-off deadline in this action. That deadline passed on December 4, 1987.

## III. PLAINTIFF'S PROPOSED AMENDED COMPLAINT WOULD ADD A NEW THEORY AND 14 ADDITIONAL DEFENDANTS

The proposed amended complaint seeks several objectives. First, having at various times alleged virtually every type of restraint of trade actionable under Section 1 of the Sherman Act, plaintiff has now settled on the twin theories of group boycott and horizontal market division to fuel its complaint. While the claim of concerted refusal to deal is not new, plaintiff's allegation of horizontal market division repre-

sents a new theory in the parade of horribles under Section 1 allegedly committed by the defendants. The late addition of a new theory and the resultant delay in resolving this already protracted litigation and prejudice to the defendants that would ensue is an important consideration in the decision to deny plaintiff's motion. *See Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 247 (D.C. Cir.1987); *Stepanischen v. Merchants Despatch Transportation Corp.*, 722 F.2d 922, 933 (1st Cir.1983); *Troxel Manufacturing Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir.1973); *Kennedy v. Josephthal & Co., Inc.*, 635 F.Supp. 399, 405 n. 1 (D.Mass.1985); *McCann v. Frank B. Hall & Co., Inc.*, 109 F.R.D. 363, 367 (N.D.Ill. 1986).

Second, plaintiff seeks to supplement its pleadings under Fed.R.Civ.P. 15(d) by setting forth events and allegations that occurred subsequent to the original complaint. Plaintiff specifically and uniquely points to the so-called "massacre" that occurred more than two years ago in October, 1985 in which Ritz and others terminated supplies of perfume products to the plaintiff. The unexplained delay in pleading these allegations when they were known to plaintiff presents another important consideration in the decision to deny plaintiff's motion. *See Williamsburg Wax Museum, supra*, 810 F.2d at 247 (When so much time has passed and where movant has had abundant opportunity to raise the issue, denial of motion was fully warranted.); *see generally Kirby v. P.R. Mallory & Co., Inc.*, 489 F.2d 904, 912 (7th Cir.1973) (unfair for defendant to remain mute when facts known two-and-a-half years prior to motion), *cert. denied*, 417 U.S. 911, 94 S.Ct. 2610, 41 L.Ed.2d 215 (1974); *Komie v. Buehler Corp.*, 449 F.2d 644, 648 (9th Cir. 1971); *Douglass v. First National Realty Corp.*, 437 F.2d 666, 668 n. 1 (D.C.Cir.1970) (appellant's procrastination in moving to amend answer was potentially prejudicial to the appellee); *Ohio–Sealy Mattress Manufacturing Co. v. Kaplan*, 90 F.R.D. 40, 44 (N.D.Ill.1981).

Finally, plaintiff seeks leave to amend its complaint to join 14 new defendants pursuant to Fed.R.Civ.P. 20(a), nine of whom are French corporations. The Court may lack personal jurisdiction over the French entities. *See, e.g., Omni Capital International v. Rudolf Wolff & Co., Ltd.*, —— U.S. ——, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987). To the extent that it can be done at all, establishing jurisdiction over these new defendants will inevitably delay the start of trial by a significant amount of time. *See L.D. Schreiber Cheese Co., Inc. v. Clearfield Cheese Co., Inc.*, 495 F.Supp. 313, 316 (W.D.Pa.1980) (Grant of motion to amend would require additional discovery to establish that Court had proper jurisdiction and cause delay which is not consistent with the "rule of justice" in Rule 15(a).).

In light of plaintiff's proffered reasons in support of the motion, the defendants' justifiable concerns as to prejudice, expense and delay, and the Court's inability to find any reason justifying plaintiff's undue delay in seeking leave to amend, the Court concludes that the time has come either to dispose of this matter by motion or to try the case on the first amended complaint. *See Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 138–39 (1st Cir.1985). In *Andrews*, the Court of Appeals stated that the addition of a new claim close to trial when discovery is essentially complete and trial strategy already planned invariably delays the resolution of a case, and delay itself may be considered prejudicial, especially where excessive delay has already occurred. *Id.* at 139 (citation omitted).

## IV. THE COURT WILL DENY PLAINTIFF'S MOTION BECAUSE OF PLAINTIFF'S UNDUE DELAY AND THE RESULTANT PREJUDICE TO THE DEFENDANTS

In deciding whether to grant or deny a motion for leave to amend a complaint, the Court must deny the motion where there is evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. *See Foman v. Davis,*

371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); Fed.R.Civ.P. 15(a). Denial of leave to amend the pleadings is within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Foman v. Davis*, 371 U.S. at 182, 83 S.Ct. at 230. Several of the factors stated in *Foman* support this Court's discretion to deny plaintiff's motion for leave to amend, specifically undue delay and undue prejudice.[1]

Although it has been said that "(m)ere delay is not a reason in and of itself to deny leave to amend," undue delay that causes prejudice to the opposing party can sustain a decision to deny leave to amend. *See Mercantile Trust Company National Association v. Inland Marine Products Corp.*, 542 F.2d 1010, 1012 (8th Cir.1976) (citations omitted). In *Mercantile Trust Company,* the Court noted that the movant "had ample time in which to develop its arguments" and that its failure to do so was due, in part, to "its leisurely approach to discovery." *Id.* at 1013. In the instant case, there have been allegations that the plaintiff has approached discovery in a leisurely fashion. Whether or not this is in fact true, the Court cannot overlook the plain fact that the plaintiff knew more than two years ago of the occurrences of which it now complaints and at least some of the parties that it claims were responsible.

 To grant plaintiff's motion for leave to amend would result in prejudice to the defendants. To permit plaintiff to join 14 new defendants just as the discovery deadline arrived and with the trial date fast approaching, will increase defendants' expenses and inevitably delay trial. In *National Independent Theatre Exhibitors, Inc. v. Charter Financial Group, Inc.,* 747 F.2d 1396, (11th Cir.1984), plaintiffs sought to amend their complaint by, among other things, adding 14 additional defendants when the defendants were ready to go to trial. The Court of Appeals for the Eleventh Circuit affirmed the District Court's

denial of the motion to amend by noting that the defendants "would have been prejudiced by the delay and expense occasioned by the largely repetitious discovery the new defendants would have required." *Id.* at 1404; *see also Serrano Medina v. United States,* 709 F.2d 104, 106 (1st Cir.1983) (plaintiff's eleventh hour amendment, the result of undue delay, would cause undue prejudice by adding parties and claims requiring additional discovery); *Doe v. McMillan,* 566 F.2d 713, 720 (D.C.Cir.1977) (Denial appropriate where amendment would result in delay or undue prejudice to opposing party). The Court is also concerned that the addition of 14 new defendants at this late date will greatly increase the amount of time needed to prepare for trial as well as consume voluminous amounts of trial time to the detriment of a speedy resolution of the case. *See Izaak Walton League of America v. St. Clair,* 497 F.2d 849, 852 (8th Cir.), *cert. denied,* 419 U.S. 1009, 95 S.Ct. 329, 42 L.Ed.2d 284 (1974).

## V. CONCLUSION

As a final note, the Court observes that in addition to the substantial period of time that elapsed between the time that the plaintiff knew which conspirators allegedly combined to force it out of business and the time that plaintiff elected to seek leave to amend its complaint, the defendants have filed dispositive motions under Fed.R.Civ.P. 12 and 56 and that plaintiff has opposed these motions. Furthermore, plaintiff has waited more than six months since these dispositive motions were filed to move for leave to amend its complaint for a second time. In a similar situation, the Court of Appeals for the District of Columbia recently held that it was not an abuse of discretion for a District Court to deny a motion for leave to amend a complaint where "plaintiffs' motion occurred more than a year after the filing of their initial complaint and after dispositive motions had

---

1. The excessive delay in seeking leave to amend on the eve of the discovery deadline where the facts and parties have been known to the plaintiff strikes the Court as possible proof of bad faith and probably evidence of dilatory motive on the part of the plaintiff. However, the Court does not solely rely on these concerns in denying the motion for leave to amend.

been filed and opposed." *Wilderness Society v. Griles*, 824 F.2d 4, 19 (D.C.Cir.1987). Therefore, the Court will deny plaintiff's Motions to Enlarge the Period for Discovery, to Continue the Trial Date and for Leave to Amend Its Complaint.

The Court takes this opportunity to reiterate the briefing schedule with respect to cross-motions for summary judgment that was announced from the bench at a hearing held June 9, 1987. The plaintiff shall file its opposition to the defendants' already pending motions for summary judgment on or before January 7, 1988 and defendants may reply thereto on or before February 6, 1988. The Special Master shall, in turn, submit his written recommendations on all dispositive motions on or before February 28, 1988. An Order shall issue on even date herewith.

### ORDER

For the reasons set forth in the Court's Opinion issued on even date herewith, it is, by the Court, this 22 day of December, 1987.

ORDERED that plaintiff's motion for leave to amend its complaint be, and hereby is, denied; and it is

FURTHER ORDERED that plaintiff's motion to enlarge the period for discovery be, and hereby is, denied; and it is

FURTHER ORDERED that plaintiff's motion to continue the trial date be, and hereby is denied; and it is

FURTHER ORDERED that plaintiff shall file its opposition to the defendants' already pending motions for summary judgment on or before January 7, 1988; and it is

FURTHER ORDERED that defendants may reply thereto on or before February 6, 1988; and it is

FURTHER ORDERED that the Special Master shall submit his written recommendations with respect to all dispositive motions currently pending before him on or before February 28, 1988.

