Allied v. RSTV, Inc.                    CV-93-061-M    10/12/95
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE


Allied Electronic Services, Inc.
and Leonard Appell,
      Plaintiffs,

      v.                                        Civil No. 93-61-M

Room Service TV, Inc.
and Leonard E. Sabal,
      Defendants and
      Counterclaim Plaintiffs,

      v.

Arnold Appell, Shawn Wilder,
Ronald Makinen and Shane Selmer,
      Counterclaim Defendants.


            ORDER ON PRO SE PLAINTIFF'S REQUEST FOR JURY TRIAL


      A pretrial status conference was held on October 5, 1995

(see order of even date).  It was brought to the court's

attention that it had not ruled on pro se plaintiff's [motion]

for jury trial (document no. 95).  Apparently the intervention of

RSTV, Inc.'s suggestion of bankruptcy caused all pending motions

to be terminated when the automatic stay order was entered.  The

court stated that it would review the matter and rule upon the

motion.  Necessarily, of course, this ruling applies only to

claims brought by plaintiffs against Leonard Sabal individually,

and counterclaims filed by Leonard Sabal individually against

counterclaim defendants, given that the automatic stay provisions still apply to all matters related to RSTV, Inc.

Having reviewed pro se plaintiff's motion for jury trial, the court denies that motion on the following grounds.

The original complaint filed in this case was filed on behalf of Allied Electronic Services, Inc., and Selectel, Inc. That complaint was filed on February 4, 1993, and assigned docket number C-93-61-M. The complaint appears to be dated February 3, 1993, and is signed by R. Peter Shapiro, Esq., as attorney for the plaintiffs. A civil cover sheet, dated February 4, 1993, and signed by Attorney R. Peter Shapiro was filed with the complaint, as required by local practice. The civil cover sheet is typed and clearly lists in box 1(c) the firm of Tardiff, Shapiro and Cassidy as attorneys for the plaintiffs. In section VII, entitled "Requested in Complaint," the preparer of the civil cover sheet typed an "X" in the box indicating "yes" after the words "jury demand." The "jury demand" section instructs the filer to "check YES only if demanded in complaint." There is no jury trial demand in the complaint.

The return of service portion of the summonses issued by the court are executed by R. Peter Shapiro, Esq., who declared that he effected service on defendants according to N.H. RSA 510:4, by

2

effecting service of process on the New Hampshire Secretary of State, paying the filing fee, and mailing by certified mail return receipt requested a copy to the named defendants. The return of service portion of each summons appears to indicate that the papers served by Attorney Shapiro included the summons itself, and the complaint filed with the court. There is no indication that the civil cover sheet was also served by the "server," R. Peter Shapiro, Esq. Defendants filed timely responses, but also did not demand trial by jury.

On May 9, 1994, pro se plaintiff Leonard Appell filed a "First Amended Complaint; Exhibits `A' and `B'; Summons." The court allowed Mr. Appell to file the amended complaint and join the action as a party plaintiff. His first amended complaint does not demand trial by jury. The court's record does not support the suggestion that a "summons" was ever issued or filed or served on the named defendants. In addition, it does not appear that Mr. Appell ever prepared a civil cover sheet or filed one with the court relative to his first amended complaint, nor does it appear that any civil cover sheet was served upon the defendants related to the first amended complaint. Neither pro se plaintiff Leonard Appell, nor any other plaintiff demanded trial by jury in the first amended complaint. The remaining

3

defendants filed an answer to the first amended complaint on July 14, 1994, and did not demand trial by jury.

On January 19, 1995, pro se plaintiff, Leonard Appell, filed "Plaintiffs' Request [motion] for Jury Trial," in which he purports to request that the matter be set down for trial by jury on behalf of all plaintiffs, claiming that "plaintiffs through error, mistake and misfortune failed to make a Demand for Jury Trial when the original complaint and amended complaint were filed." (Document no. 95) Defendants filed timely objections to the request for trial by jury and, on March 6, 1995, pro se plaintiff Leonard Appell filed an unsworn "Declaration of Leonard Appell" (attached to document no. 112), in which he asserts that he "filed the original complaint in this action to assist the attorney of record, Mr. R. Peter Shapiro." He further claims that:

> . . . [T]he court clerk had me fill out the civil cover sheet, as is done in all civil cases. I went over the cover sheet with the clerk and, when I got to the part marked "Jury Demand," I told the clerk I wanted to be sure that we received a jury trial and was there anything else I needed to do besides checking the box. The clerk informed me that this was all I needed to do. The clerk provided me with a copy of the civil cover sheet which we served in due course upon defendants along with the complaint and summons in this action."

4

The court does not find Mr. Appell's unsworn declaration to be either credible or persuasive on this issue. The original civil cover sheet filed in this action appears to be professionally prepared; does not appear to have been prepared at the clerk's office (it is typed, not hand-written, and it is not the practice of the clerk of this court to type civil cover sheets for corporate plaintiffs represented by local law firms); and the cover sheet is signed by Attorney R. Peter Shapiro. In addition, R. Peter Shapiro, Esq., signed the return of service block on the original summonses and filed them with this court indicating that _he_ effected service of process pursuant to the requirements of New Hampshire's long arm statute. Those returns on the summonses do not indicate that copies of a civil cover sheet were served on the defendants, which itself would be an unusual thing for an attorney long experienced in federal practice to do.

Defendant Leonard Sabal filed a sworn affidavit on April 3, 1995, stating that as a named defendant he maintains meticulous files related to this litigation, that he reviewed those files, and discovered that those files do not contain any civil cover sheet related to this matter.

5

The issue before the court is whether the plaintiffs, Allied Electronic Services, Inc., Selectel, Inc., and pro se plaintiff Leonard Appell, waived their right to a jury trial. Rule 38(b) Fed. R. Civ. P. requires that a party make demand for a jury trial and timely serve such demand upon the opposing party. The demand need not be technically perfect or even unequivocal on the face of the pleadings, but the demand must be reasonably clear, at least sufficiently so to give proper notice to the opposing parties.

"The civil cover sheet, of course, is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers." Favors v. Coughlin, 877 F.2d 219, 220 (2nd Cir. 1989). While a "timely served civil cover sheet on which the "Jury Demand" box is checked can, without more, constitute a proper jury trial demand, . . . a civil cover sheet that has not been served with the complaint naturally gives no notice of a jury demand necessary to meet the requirements of Rule 38(b)." Id. citing Wynant v. Carefree Pools, 118 F.R.D. 28, 29 (E.D.N.Y. 1988), and other cases. The court of appeals for this circuit held, in Omawale v. WBZ, 610 F.2d 20, 21-22 (1st Cir. 1979) (per curiam), that even in the context of a pro se civil rights action, an

6

unserved civil cover sheet indicating a jury demand cannot alone comport with Fed. R. Civ. P. 38.

Even the "rule that pro se plaintiffs' pleadings must be less stringently construed cannot overcome [plaintiff's] actual failure to notify [defendants] of his jury trial demand." Nicholson, at 221.

In this case, the corporate plaintiffs were represented by experienced legal counsel. The original complaint prepared by and filed by counsel did not demand trial by jury. Experienced counsel is reasonably charged with knowledge that Rule 38 requires a clear demand for jury trial, and requires that demand to be served upon the defendants. While the first amended complaint might reasonably be construed as a joint effort between current legal counsel representing the corporate plaintiffs, and pro se plaintiff Leonard Appell, even treating the first amended complaint as a pro se offering, and construing the pleading less stringently, does not allow a different result. It is still clear to the court that even pro se plaintiff did not serve any type or form of jury demand on the defendants in connection with his filing of the first amended complaint, at least he hasn't established that he did.

Accordingly, all plaintiffs have waived their right to jury trial, and the request for jury trial (document no. 95) is hereby denied.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

October 12, 1995

cc:  William K. Koppenheffer, Esq.
     Charles W. Grau, Esq.
     Arnold Appell
     Shawn Wilder
     Ronald Makinen
     Shane Selmer
     Leonard Appell