Longden v. Philip Morris, et al.     CV-03-353-M    08/19/03
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Julian Longden and
Sheila Longden,
      Plaintiffs

      v.                                    Civil No. 03-353-M
                                            Opinion No. 2003 DNH 140
Philip Morris, Inc.; Liggett Group,
Inc.; TBI Corporation, Inc.,
      Defendants


                        **O R D E R**


      This case has been removed from the New Hampshire Superior

Court (Hillsborough County, Northern District).  It was

originally filed on June 21, 2000.  Trial was to begin on October

6, 2003.  Defendants removed the case after the Superior Court

(Smukler, J.) granted summary judgment to the last non-diverse

defendant, TBI Corporation, Inc. ("TBI").  Defendants contend

that jurisdiction in this court is proper under 28 U.S.C. § 1332.

Before the Court is plaintiffs' Emergency Motion for Remand.  For

the reasons given below, plaintiffs' motion for remand is

granted.

Plaintiffs argue for remand on grounds that more than one year has passed since the commencement of suit, and the non-diverse defendants (since dismissed) were not fraudulently joined.  Defendants counter that the one-year statutory limit on removal does not apply where, as here, plaintiffs (allegedly) fraudulently joined in-state defendants solely for the purpose of defeating diversity and preventing removal.

Federal law provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  It is well established that "removal statutes are strictly construed" against removal.  <u>Danca v. Private Health Care Sys., Inc.</u>, 185 F.3d 1, 4 (1st Cir. 1999) (citing <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09 (1941)).  Procedurally:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be

2

ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). When a defendant removes a case from state court, he or she has "the burden of showing the federal court's jurisdiction." Danca, 185 F.3d at 4 (citing BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers, 132 F.3d 824, 831 (1st Cir. 1997)). When a plaintiff moves to remand, "the burden of proving the propriety of removal [remains] on the party who removed." Societa Anonima Lucchese Olii E. Vini v. Catania Spagna Corp., 440 F. Supp. 461, 464 (D. Mass. 1977) (citing 1A J. MOORE, FEDERAL PRACTICE P 0.168 (4.-1) at 529).

Two separate aspects of § 1446(b) bar removal of this case and require remand: (1) no event has occurred triggering defendants' statutory right of removal; and (2) even if equitable considerations allow exceptions to the one-year limit on removing a case not removable when initially filed, the circumstances of this case do not warrant application of such exceptions.

It is not at all clear that a state court order, issued over plaintiffs' objection, qualifies as a "paper from which it may first be ascertained that the case is one which is or has become removable." In <u>Maine Employers Mutual Insurance Co. v. Yates Insurance Agency</u>, the court explained that "a defendant has the right to remove an initially nondiverse case when diversity is created by <u>voluntary</u> actions taken by a plaintiff that are not within the control of the removing defendant." 52 F. Supp. 2d 135, 136 (D. Me. 1999) (emphasis added) (citing <u>Yarnevic v. Brink's, Inc.</u>, 102 F.3d 753, 754-55 (4th Cir. 1996); <u>DeBry v. Transamerica Corp.</u>, 601 F.2d 480, 486-88 (10th Cir. 1979); <u>Pepsico, Inc. v. Wendy's Int'l, Inc.</u>, 118 F.R.D. 38, 40-41 (S.D.N.Y. 1987)).

Neither of the two kinds of voluntary action discussed by the court in <u>Maine Employers</u> is present in this case. First, TBI was dismissed from the case over plaintiffs' objection, not at their request. <u>See</u> <u>id.</u> at 137 (explaining that under the traditional rule, "only dismissals initiated by the plaintiff count as voluntary") (citing <u>Poulos v. Naas Foods, Inc.</u>, 959 F.2d 69, 71-72 (7th Cir. 1992)); <u>see also</u> <u>Bearup v. Milacron</u>, No. 01-

4

CV-74455-DT, 2001 WL 482548 (E.D. Mich. 2002) ("Removal is improper where diversity is created by court order, not by voluntary dismissal of the non diverse defendant.") (citing O'Rourke v. Communique Telecommunications, Inc., 715 F. Supp. 828, 829 (E.D. Mich. 1989)).[1]  Second, the appeal period applicable to Judge Smukler's (partial) summary judgment order has not run, so plaintiffs cannot be said to have voluntarily accepted it by failing to appeal.  See Maine Employers, 52 F. Supp. 2d at 136 (explaining "the so-called appealability/finality rationale," under which a court-ordered dismissal of a non-diverse defendant is voluntary as to the plaintiff when the plaintiff fails to appeal the dismissal) (citing Quinn v. Aetna Life & Cas. Co., 616 F.2d 38, 40 (2d Cir. 1980)).

Because plaintiffs objected to dismissing TBI from the case, and because the time for appealing Judge Smukler's summary judgment order has not yet run, there has been no qualifying

---

[1] In Mill-Bern Associates., Inc. v. Dallas Semiconductor Corp., the court explained, albeit in dictum, that "[t]he elimination of nondiverse parties over the objection of the plaintiff, such as by a ruling on a defendant's motion for summary judgment, would not make the case removable."  69 F. Supp. 2d 240, 245 (D. Mass. 1999) (citing Am. Car & Foundry Co. v. Kettelhake, 236 U.S. 311, 315-16 (1915); Powers v. Chesapeake & Ohio Ry. Co., 169 U.S. 92 (1898)).

event, in the form of a voluntary act by plaintiffs, that would allow removal under § 1446(b). However, even assuming that Judge Smukler's summary judgment order was sufficient to trigger defendants' removal right, remand is, nevertheless, required because defendants removed the case more than three years after it was commenced.

District courts across the country disagree as to whether § 1446(b)'s one-year limit is absolute or subject to equitable exceptions. Tedford v. Warner-Lambert Co., 327 F.3d 423, 425-26 (5th Cir. 2003) (footnotes omitted). The court of appeals opinion on point holds that "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended." Id. at 428-29. That is, the one-year limit may give way if the removing defendant can establish that plaintiff fraudulently joined an in-state party solely for the purpose of defeating diversity. See also Hardy v. Ajax Magnathermic Corp., 122 F. Supp. 2d 757, 759 (W.D. Ky. 2000) ("the one-year limitation does not bar removal if Plaintiffs

6

fraudulently joined the nondiverse defendants).  Within this circuit, Judge Woodlock, of the District of Massachusetts, has ruled that "the one-year bar is absolute."  Santiago v. Barre Nat'l, Inc., 795 F. Supp. 508, 510 (D. Mass. 1992).  But he did so in a case that involved neither accusations nor evidence of fraudulent joinder or any other improper manipulation of the judicial process.  See id. at 511, 512.

In the context of fraudulent joinder, "'fraudulent' is a term of art" that applies to the joinder of an in-state defendant against whom plaintiff "simply has no chance of success, whatever the plaintiff's motives."  Hardy, 122 F. Supp. 2d at 759 (citing Poulos, 959 F.2d at 69).

> In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court.

Mills v. Allegiance Healthcare Corp., 178 F. Supp. 2d 1, 5 (D. Mass. 2001) (quoting Whitaker v. Am. Telecasting, Inc., 261 F.3d

7

196, 207 (2d Cir. 2001)). Regarding a claim of fraudulent joinder based upon the baselessness of a plaintiff's claims:

> There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming.

Hardy, 122 F. Supp. 2d at 759-60 (quoting Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994)). Somewhat more pointedly, "joinder [is] not fraudulent if [a] case can withstand a 12(b)(6) motion directed to [the] sufficiency of the cause of action." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1319 (9th Cir. 1998) (citing Sessions v. Chrysler Corp., 517 F.2d 759, 760-61 (9th Cir. 1975)).

Here, of course, there is more than the mere probability that plaintiffs' claims against TBI could survive a 12(b)(6) motion to dismiss; those claims did survive a motion to dismiss. Accordingly, it does not plainly appear that TBI was sued upon baseless claims. See Ritchey, 139 F.3d at 1320 (finding in-state physician to be a fraudulently joined "sham defendant" in action

8

against drug manufacturer when statute of limitations had run as to physician prior to suit being filed); In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation, 210 F. Supp. 2d 414, 422-23 (E.D. Pa. 2002) (finding fraudulent joinder of defendant pharmacies when Mississippi law plainly barred recovery under legal theories advanced by plaintiffs); Gabrielle v. Allegro Resorts Hotels, 210 F. Supp. 2d 62, 69-70 (D.R.I. 2002) (finding fraudulent joinder when plaintiff sued in-state travel agent for injuries sustained while traveling, even though Rhode Island law plainly precluded travel-agent liability for such injuries); Mills, 178 F. Supp. 2d at 8 (finding fraudulent joinder when plaintiff sued in-state distributor of latex gloves, even though his injury was diagnosed before he ever wore gloves supplied by distributor).

Moreover, while defendants may take issue with plaintiffs' litigation tactics, they have identified no conduct that rises to the level of rascality necessary to support a finding of fraudulent joinder or otherwise to warrant an equitable exception to the one-year limitation. See, e.g., Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 94 (1921) (in suit by employee against

9

coemployee and employer, coemployee was fraudulently joined when plaintiff "personally and intimately knew every person who could by any possible chance have caused his injuries, and knew the coemployee was not in any degree whatsoever responsible therefor . . ."); Tedford, 327 F.3d at 427-28 (finding fraudulent joinder when plaintiff sued in-state doctor for adverse drug reaction, then signed and post-dated a notice of non-suit as to the physician, but did not serve it on co-defendant drug company until more than one year after filing suit); In re Diet Drugs, 220 F. Supp. 2d at 421 (nationwide pattern of settling with drug company defendants in exchange for agreement to refuse consent to removal supported finding of fraudulent joinder of drug companies); Leslie v. Banctec Serv. Corp., 928 F. Supp. 341, 346-47 (S.D.N.Y. 1996) (declining to enforce the one-year limit when, among other things, plaintiff defeated first removal by dropping federal claim, defeated second removal by agreeing not to seek damages in excess of $50,000, then reneged on that agreement, thus precipitating third removal); Saunders v. Wire Rope Corp., 777 F. Supp. 1281 (E.D. Va. 1991) (declining to strictly enforce the one-year limit when plaintiff waited nearly one year after filing case to serve diverse defendant and settled with

nondiverse defendant without seeking entry of order of dismissal); Kite v. Richard Wolf Med. Instrs. Corp., 761 F. Supp. 597, 600 (S.D. Ind. 1989) (granting exception to one-year limit when defendant removed, plaintiff added in-state defendant six months later and won remand, only to dismiss that defendant, by agreement, three years later).

Finally, plaintiff's prosecution of its claim against TBI has not been dilatory enough to warrant an equitable extension of the one-year limit. See Hardy, 122 F. Supp. 2d at 760-61 (finding fraudulent joinder when plaintiff had no facts to support a claim against in-state defendant, failed to respond to case management order, and did not oppose defendant's motion for summary judgment.)

Because no qualifying event has occurred that would allow removal under 42 U.S.C. § 1446(b), and because the facts of this case do not support an equitable exception to the one-year limit on removal, plaintiff's Emergency Motion for Remand (document no. 5) is granted. The Clerk of Court shall enter judgment in accordance with this order and close the case.

11

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 19, 2003

cc:   Charles G. Douglas, III, Esq.
      Laurence W. Getman, Esq.
      Thomas J. Griffin, Jr., Esq.
      Robert J. Gallo, Esq.